IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD BIBLE, | § | |
| | § | |
| Defendant-Below, | § | No. 383, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID No. 050101534 |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: October 23, 2014
Decided: December 3, 2014

Before **STRINE**, Chief Justice; **HOLLAND** and **RIDGELY**, Justices.

## **O R D E R**

This 3rd day of December 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Donald Bible, filed this appeal from the Superior Court's denial of his second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Bible's opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)     On October 2, 2006, Bible pled guilty to Rape in the First Degree, Rape in the Third Degree as a lesser included offense of Rape in the First Degree, and Continuous Sexual Abuse of a Child in connection with his sexual abuse of the twin granddaughters of a friend and roommate. The State entered a *nolle prosequi* on the remaining 108 charges and recommended a total Level V sentence of thirty-six years, including nineteen years of minimum mandatory time. The Superior Court followed the sentencing recommendation. Bible did not file a direct appeal. Instead, he filed several unsuccessful motions seeking modification of his sentence and withdrawal of his guilty plea.

(3)     On May 19, 2008, Bible filed his first motion for postconviction relief under Rule 61. Bible claimed that: (i) his counsel withheld a favorable report of a psychologist consulted by his federal public defender;[2] (2) his counsel provided ineffective assistance by, among other things, failing to consult with him, explain the relevant law, or obtain the suppression of his incriminatory statement to federal authorities; and (iii) his counsel changed the plea agreement without his knowledge. After receiving the affidavit of Bible's former counsel and the State's response, a Superior Court Commissioner recommended that Bible's motion be denied as time-barred Rule 61(i)(1) and meritless. On October 8, 2009, after *de*

---

[2] In addition to the state charges, Bible faced federal charges relating to the possession of child pornography.

*novo* review, the Superior Court adopted the recommendation and report of the Superior Court Commissioner and denied Bible's motion for postconviction relief.

(4) Bible appealed the denial of this motion. In his appeal, Bible contended that his guilty plea was involuntary because the plea agreement was altered without his knowledge. Bible did not raise the ineffective assistance of counsel claims he asserted in the Superior Court and those claims were deemed to be waived.[3] This Court concluded that Bible's involuntary guilty plea claim was not supported by the transcript of the guilty plea hearing and affirmed the judgment of the Superior Court.[4]

(5) On July 7, 2014, Bible filed his second motion for postconviction relief. Bible contended that he had pled a colorable claim of a miscarriage of justice under Rule 61(i)(5) based upon disciplinary proceedings involving his former counsel. According to a report and recommendation of the Office of Disciplinary Counsel ("ODC") that was attached to a 2012 order suspending Bible's former counsel, Bible's former counsel testified that he was diagnosed with attention deficit disorder ("ADD") in 2004 or 2005, became addicted to the medication prescribed to treat his ADD, and had difficulties managing his

---

[3] *Bible v. State*, 2010 WL 2680542, at *1 n.3 (Del. July 7, 2010).

[4] *Id.* at *1-2.

3

practice.[5] Bible argued that his former counsel's ADD and prescription addiction rendered him *per se* ineffective and that Bible would not have pled guilty had he known of his former counsel's ADD and prescription addiction.

(6)    The Superior Court held that Bible's claims were belied by his statements during the guilty plea colloquy and denied his motion for postconviction relief. This appeal followed.

(7)    On appeal, Bible argues that he has pled a colorable claim of a miscarriage of justice under Rule 61(i)(5) based upon the new evidence of his counsel's ADD and prescription addiction and that he is therefore entitled to re-litigation of his previous ineffective assistance of counsel claims. We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[6] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[7]

(8)    The Rule 61(i)(5) language Bible relies upon was not in effect when he filed his second postconviction motion on July 7, 2014. Effective June 4, 2014, Rule 61 provided:

---

[5] *In re Poliquin*, 49 A.3d 1115, 1136 (Del. 2012).

[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

(2) *Second or subsequent postconviction motions*. A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[8]

Under Rule 61(d)(2), summary dismissal of the postconviction motion was appropriate because it was Bible's second motion under Rule 61 and Bible was convicted after a guilty plea, not a trial. We therefore affirm the Superior Court's denial of Bible's second motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[8] Super. Ct. R. 61(d)(2) (2014).

5